IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

RECEIVED & FILED

| | | |
|---|---|---|
| MELISSA MONTAÑEZ MORALES | * | |
| | * | CIVIL NO. 04 DEC 15 AM 11: 41 |
| Plaintiff | * | |
| | * | CLERK'S OFFICE |
| | | U.S. DISTRICT COURT |
| v. | * | PLAINTIFF DEMANDS SAN JUAN PR |
| | * | TRIAL BY JURY |
| MUNICIPALITY OF SAN JUAN; | * | |
| ACE INSURANCE COMPANY; | * | |
| JOHN DOE; and ABC INSURANCE | * | |
| COMPANY | * | |
| | * | |
| Defendants | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * *

## COMPLAINT

TO THE HONORABLE COURT:

COME NOW the plaintiff, through their undersigned attorneys, and respectfully alleges, states and prays, as follows:

### I. PARTIES

1. The plaintiff, Melissa Montañez Morales is of legal age, with residence and domicile at 8 Bushwick Ave., Brentwood, New York 11717.

2. The co-defendant Municipality of San Juan is a legal entity with the capacity to sue and be sued, which has separate and independent legal capacity from the Commonwealth of Puerto Rico.

3. The co-defendant ACE Insurance Company is the liability insurer of the Municipality of San Juan, it is organized under the laws of the Commonwealth of Puerto Rico and it has its principal place of business in San Juan, Puerto Rico.

4. The co-defendant John Doe is a natural or legal entity, designated with a fictitious name because its identity is presently unknown to the plaintiff, who/which is not a resident or domiciliary of the State of New York, and who/which upon information and belief created the

dangerous condition at the accident site and/or had the jurisdiction, ownership and/or control of the place where the accident alleged herein occurred.

5.  The co-defendant ABC Insurance Company is an insurer organized pursuant to the laws of a state other than the State of New York, designated with a fictitious name because its identity is presently unknown to the plaintiff, which at all material times alleged herein was the liability insurer of the co-defendant John Doe and/or any other person or entity that may be liable to the plaintiffs.

## II. JURISDICTION AND VENUE

6.  This Court has subject matter jurisdiction pursuant to *28 U.S.C. § 1332*, as there is complete diversity of citizenship between the parties and the amount of damages exceeds the sum of seventy-five thousand dollars ($75,000.00), exclusive of interest, costs and attorney's fees.

7.  Venue is appropriate in this Court pursuant to *28 U.S.C. § 1391*, as this action is brought in the judicial district in which the defendants are located and in which the accident alleged herein occurred.

## III. FACTS

8.  On November 23, 2002, at approximately 6:30 p.m., while on vacation in Puerto Rico, the plaintiff Melissa Montañez was driving a 2002 Suzuki Baleno vehicle from North to South on Santa Cecilia Street, in Santurce, Municipality of San Juan, Puerto Rico.

9.  Upon reaching the intersection with Esquilín Street, where there was no STOP sign, the plaintiff's vehicle was impacted by a 1988 Pontiac Firebird, which was traveling in an East to West direction on Esquilín Street.

10. As a result of the collision, the plaintiff suffered multiple traumas and contusions to different parts of her body, requiring initial medical attention by the Medical Emergency personnel that arrived at the scene and later at the emergency unit of the Hoare Municipal Hospital of the Municipality of San Juan.

11. Thereafter, the plaintiff Melissa Montañez returned to her home in New York, where she continued to experience severe physical pain and weakness in her neck, right arm, tingling of upper and lower extremities, lower back pain, and dragging of both legs when she walked, and she sought medical attention.

12. Upon examination the plaintiff Melissa Montañez was found to have muscle spasms of the cervical paraspinal and trapezius, her range of motion was limited and painful in all planes of the cervical and lumbar spine, she was positive for bilateral compression, straight leg raise produced lumbosacral pain and hip pain, and she experienced pain when extending and flexing her right wrist.

13. She was then referred to a neurosurgeon who diagnosed cervical myelopathy with spinal cord compression and spinal cord contusion at C4-5 with disc herniation at C3-4, C4-5, C5-6, L4-5, and L5-6. In addition, she developed right carpal tunnel syndrome.

14. Because of the plaintiff's severe cervical severe condition, she was admitted to the St. Charles Hospital and Rehabilitation Center where she underwent an anterior cervical discectomy with fusion and mating of multiple cervical vertebrae.

15. The plaintiff Melissa Montañez has been informed by her medical services providers that she will suffer permanent physical impairments and will require ongoing medical treatment as a direct result of the injuries suffered in the accident described herein.

16. The codefendants Municipality of San Juan and/or John Doe incurred in fault and/or negligence when they failed to properly maintain the traffic signs on the streets under its jurisdiction,

which they had the duty to maintain in a reasonably safe and secure condition for drivers such as Melissa Montañez.

17. The co-defendants Municipality of San Juan and/or John Doe incurred in fault and/or negligence in creating and/or allowing the existence of a dangerous condition on the street and, therefore, they are jointly and severally liable for the damages suffered by the plaintiff.

18. The co-defendants Municipality of San Juan and/or John Doe incurred in fault and/or negligence in that they breached their duty to maintain the street in a reasonably safe and secure condition and, therefore, they are liable for the damages suffered by the plaintiff.

19. The co-defendants Municipality of San Juan and/or John Doe incurred in fault and/or negligence in that they failed to replace the STOP sign on the street where this accident occurred, allowing and/or permitting the dangerous condition that existed and, therefore, they are liable for the damages suffered by the plaintiff.

20. At the time of the aforementioned accident, the co-defendant ACE Insurance Company was the general liability insurer of the defendant Municipality of San Juan and, as such, it is jointly and severally liable for the damages caused to the plaintiff due to the fault and/or negligence of the Municipality of San Juan.

21. At the time of the aforementioned accident, the co-defendant ABC Insurance Company was the general liability insurer of the defendant John Doe and, as such, it is jointly and severally liable for the damages caused to the plaintiff due to the fault and/or negligence of John Doe.

### IV. **FIRST CAUSE OF ACTION**

22. The plaintiff repeats and realleges the allegations contained in paragraphs one (1) to twenty one (21) of this complaint as if fully set forth herein.

23. As a result of the accident mentioned herein, the plaintiff, Melissa Montañez, suffered, suffers and will continue to suffer physical, emotional and economic damages reasonably estimated in excess of five million dollars ($5,000,000.00).

## V. SECOND CAUSE OF ACTION

24. The plaintiff repeats and realleges the allegations contained in paragraphs one (1) to twenty three (23) of this complaint as if fully set forth herein.

25. The plaintiff Melissa Montañez has incurred, and she will continue to incur in the foreseeable future in excess of one hundred thousand dollars ($100,000.00) in medical expenses, travel and transportation expenses, and other expenses as a result of the accident and injuries alleged herein.

## VI. THIRD CAUSE OF ACTION

26. The plaintiff repeats and realleges the allegations contained in paragraphs one (1) to twenty three (25) of this complaint as if fully set forth herein.

27. The plaintiff Melissa Montañez was deprived of the full enjoyment of her vacation in Puerto Rico due to the defendants' fault and/or negligence, having incurred in travel and related expenses in excess of five thousand dollars ($5,000.00).

28. Pursuant to Article 20.010 of the Insurance Code of Puerto Rico, *26 L.P.R.A. § 2001*, the co-defendants ACE Insurance Company and ABC Insurance Company are absolutely liable for the losses and damages caused to the plaintiffs through the fault and negligence of their insureds, the Municipality of San Juan and John Doe, respectively.

29. Pursuant to Rule 44.1(d) of the Rules of Civil Procedure of the Commonwealth of Puerto Rico, *32 L.P.R.A. Ap. III, R. 44*, a party adjudged obstinate in the conduct of litigation must

pay the prevailing party its reasonable attorney's fees and interest from the date of the filing of the complaint.

30. The defendants have been obstinate and, upon defending against this lawsuit, will continue to incur in obstinacy.

31. The plaintiff is entitled to reasonable attorney's fees and interest from the date of the filing of the complaint.

32. Pursuant to the provisions of Article 15.003 of the Autonomous Municipalities Act (*Ley de Municipios Autónomos*); *21 L.P.R.A § 4703*, the plaintiff notified by certified mail the co-defendant Municipality of San Juan of her intention to sue for the damages claimed in this complaint.

33. Trial by jury is demanded by the plaintiff.

WHEREFORE, it is respectfully requested that judgment be entered against the defendants, adjudging them to be jointly and severally liable to the plaintiff in an aggregate sum in excess of the total individual amounts stated herein, plus taxable costs, interest from the date of filing of the complaint and a reasonable amount in attorney's fees.

In San Juan, Puerto Rico, this 15th day of December, 2004

LAW OFFICES BENJAMIN ACOSTA, JR.
P.O. Box 9023518
San Juan, PR 00902-3518
Tel. 787-722-2363 / Fax 787-724-5970
Email: josefernandez@lobajr.com

BY: *[signature]*
JOSE LUIS FERNANDEZ ESTEVES
U.S.D.C. - P.R. # 215414