IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**MELISSA MONTAÑEZ-MORALES,**
**Plaintiff**

**v.**                                                                                        **CIVIL NO. 04-2378(DRD)**

**MUNICIPALITY OF SAN JUAN, et al.,**
**Defendants**

| MOTION | ORDER |
|---|---|
| **Date Filed: 05/31/2005**<br>**Docket #7**<br>[X] **Plaintiff**<br>[ ] **Defendant**<br>**Title:** Motion for Hearing and Entry of Default | **DENIED.** See ruling for Docket Entry No. 8. |
| **Date Filed: 08/17/2005**<br>**Docket #9**<br>[] **Plaintiff**<br>[X] **Defendant**<br>**Title:** Motion to Deem Unopposed Motion to Set Aside Default | **GRANTED.** The Court notes that Defendants' Motion requesting to set aside the Entry of Default is unopposed. |

| | |
|---|---|
| **Date Filed:** 06/06/2005<br>**Docket #8**<br>[ ] **Plaintiff**<br>[X] **Defendant**<br>**Title:** Motion Requesting that Default Be Set Aside | **GRANTED.** At the outset, Rule 55(c), Fed.R.Civ.P., provides that the Court may set aside an entry of default for "good cause" shown. This standard of review requires that the movant provide "an explanation for the default or to give reasons why vacation of the default entry would serve the interests of justice". 10A Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d, West Group, §2696, p. 141, (1988). Likewise, it is well known that in determining whether or not to set aside an entry of default, the court should consider whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented. Coon v. Greenier, 867 F.2d 73, 76 (1st Cir. 1989). The Court may considered other factors such as the proffered explanation for the default, the good faith of the parties, the amount of money involved, and the timing of the motion. Id. However, the affirmative demonstration of a meritorious defense is not expressly called for by the federal rules and, therefore, the nature of the showing necessary to vacate the entry lies within the Court's sound discretion. Wright, Miller & Kane, §2697, p. 162.<br>In the instant case the Court has examined the explanations provided by defendant for the default. The undersigned deems that defendant's default was not willful, and various meritorious defenses have been proffered by the defendants. Notwithstanding, defendant has averred a colorable defense as a matter of local law requiring a driver in a collision to be prudent and exercise proper care even if he has the right of way in a car collision pursuant to *Damiani v. Donatiu*, 95 P.R.R. 800 (1968). Further, the Court notes that plaintiff has not opposed the defendant's request to set aside the Entry of Default hence it is deemed that plaintiff has waived any objection and the fact that it will be prejudiced if the default is set aside. Expressed in the alternate, the Court has not detected prejudice early on in the litigation, and the affected party has not averred any. No prejudice can then be found.<br>Finally, the Clerk of Court is **INSTRUCTED** to **SET ASIDE and VACATE** the Entry of Default against the Municipality of San Juan and against ACE Insurance Company, and to **ASSIGN** a separate Docket Entry to defendants' tendered Answer to the Complaint. |

**IT IS SO ORDERED.**
In San Juan, Puerto Rico this 13th day of March 2006.

**S/DANIEL R. DOMINGUEZ**
**DANIEL R. DOMINGUEZ**
**U.S. DISTRICT JUDGE**
